UNITED STATES DISTRICT COURT                           SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL H-92-111 |
| | § | |
| OSCAR FUENTES | § | |
| (Ancillary Civil Action H-05-996) | § | |

# Opinion on Petition for Habeas Corpus

1. *Introduction.*

After his appeal has been denied, a prisoner asks the court to vacate his sentence and resentence him. This motion will be denied.

2. *Background.*

A jury found Fuentes guilty on four counts of drugs charges. He was sentenced to life in prison. He appealed his conviction, and it was affirmed. In December 1996, Fuentes moved to vacate his sentence under the federal habeas corpus statute. It was denied. In September 1999, he moved for permission to file a second motion under the same statute. It was denied. Fuentes now moves a third time to vacate his sentence. He argues that his rights were violated when his sentence was enhanced under the federal sentencing guidelines based on facts not determined by the jury. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005).

3. *No Authority.*

Under the federal habeas corpus statute, a prisoner may file one motion to vacate, set aside, or correct his sentence. Before a prisoner may file a second motion, he must move in the court of appeals for permission. It may authorize this motion if the prisoner shows that the motion involves either (1) newly discovered evidence, or (2) a new rule

of constitutional law made retroactive to cases on collateral review. 28 U.S.C. §§ 2244(3)(B), 2255.

Fuentes filed his first motion under the habeas corpus statute in December 1996 He asked to file a second motion in September 1999, but the court of appeals denied it. He filed his third motion in this court without authorization and, therefore, it will be denied.

4.  *No Retroactivity.*

Fuentes's motion will also be denied because he has offered no newly discovered evidence or new rule of constitutional law that retroactively applies to this case. He argues that the Supreme Court's recent decision about the sentencing guidelines is a new rule of constitutional law and grounds for vacating his sentence. *See Booker*, 125 S. Ct. 738. In its opinion, however, the Court did not refer to cases on collateral review. Rather, it said the holding applies to cases on *direct* review. *Id.* at 769. This means that this holding is not retroactive and does not support another motion. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005).

5.  *Conclusion.*

Fuentes's motion to vacate his sentence will be denied.

Signed August 3, 2005, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge