| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

United States of America, §
§
*versus* §
§   Criminal Action H-92-0111-4
Oscar Fuentes, §
§
Defendant. §

## Opinion on Compassionate Release

Oscar Fuentes is in United States custody after a jury found him guilty of four counts of conspiring and aiding in the possession and distribution of cocaine. The court imposed sentences of life imprisonment that run concurrently for all four counts. Fuentes moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Fuentes says that he is sixty-four years old and has served nearly twenty-nine years of his life sentence. Fuentes requests relief because he wants to have a relationship with his family. Fuentes says that he has been a model prisoner by completing several educational and vocational programs and acting as a mentor to others in prison. Fuentes offers letters from several correctional officials who support his release. Fuentes also says that his current sentence is much longer than if the court sentenced him today. Fuentes claims that the current guidelines would recommend a sentence of twenty-five years' imprisonment.

A court can modify a term of imprisonment by granting compassionate release under 18 U.S.C. § 3582(c)(1)(A) after a defendant fully exhausts their administrative rights and if the court also finds that extraordinary and compelling reasons warrant a modification. Relief under § 3582(c)(1)(A) is discretionary and ultimately depends on the court's consideration factors found in 18 U.S.C. § 3553(a).

Fuentes does not show that the court should grant him relief. The

1

court commends Fuentes on being a positive member of his prison community. However, the prison system expects him to behave while incarcerated. Fuentes does not otherwise prove that he is not a risk to the public. Simply wanting to be with his family is not extraordinary.

Finally, Fuentes's argument that his sentence would be much lower if the court sentenced him under the current guidelines is incorrect. Fuentes oversaw the storage of nearly twenty-five thousand kilograms of cocaine in the Rio Grande Valley before other co-conspirators moved the cocaine to Houston. The base offense level for his charges was 42. Because Fuentes received two upward adjustments based on the use of firearms and his role in the offense, the final offense level rose to 48 and required imposing a life sentence. Under the current United States Sentencing Guidelines, Fuentes's base offense level would be 38. Applying the upward adjustments to his offense level would result in a final offense level of 44, which would recommend a sentence of life imprisonment. Fuentes's sentence reflects the seriousness of the drug offenses that brought him to prison. The sentence is also proportionate to sentences that his co-defendants received.

The motion is denied. (950)

Signed at Houston, Texas, on _____December 16_____, 2021.

                                                       Lynn N. Hughes
                                        United States District Judge